Swing, J
This was an action by C. A. 'Webster, treasurer of Lombard University, against L. W. Irwin, administrator of the estate of Thomas Gilpin, on.a promissory note, of which the following is a copy :
“$1,000.00. , Cincinnati, Feb. 1, 1867.
“ Two years after date, for value received,T promise to pay to the order of the treasurer of Lombard University, at Gales-burg, Ills., one thousand dollars, for the endowment of said institution, with interest at six per cent., payable annually.
“Thomas Gilpin.”
Interest was paid on said note to February 1, 1887. The defendant filed an answer alleging that there was no consideration for said note.
Upon the trial in the court of common pleas, judgment was rendered for the amount claimed. Plaintiff in error seeks to reverse this judgment.
The bill of exceptions shows that the note given by Gilpin was a part of an endowment fund of $100,000.00, raised by the friends of the university; that on the faith of this subscription of Gillpin’s and others, the university had created additional professorships, and gone to considerable expense about their grounds and buildings. There was no conflict of evi *270 dence. The simple question was whether such a contract is enforceable at law. ■
Irwin & Murry, for plaintiff in error.
Paxton & Warrington, for the university.
It seems to us that the authorities cited by counsel, as well as others which we have examined, support’the following from Parsons on Contracts, page 452 : “ On the important question how far voluntary subscriptions for charitable purposes, as for dims, education, religion, or other public uses, are binding, the law has in this country passed through some fluctuation, and can not now be regarded as settled. When advances have been made,, or expenses or liabilities incurred by others, in consequence of such subscription, before an3r notice of withdrawal, this should on general principles be deemed sufficient to make them obligatory, provided the advances were authorized by a fair and reasonable dependence on the subscriptions, arid this rule seems to be well established. Further than this it is not easy to go, unless such subscriptions are to be held binding merely on grounds of public policy.”
In the 5 Ohio, 34, the court say : “ It has been repeatedly decided in this state and elsewhere, that promises to pay money for the erection of school and court houses, churches and bridges, would (the work being undertaken or done) sustain the action of assumpsit.”
The decisions referred to by counsel in 16 Ohio State and 41 Ohio State, are not in conflict with this view of the law. The first case was decided on the questions arising on the statute, and the latter case simply decides that a subscription made to pay off an existing debt is not enforceable.
But the proof in this case brings it within the rule as stated by Parsons, Here the evidence shows that work was done and expenditures made, relying upon the promise of Gilpin to pay the note, and we think they were, under the circumstances, justified in relying upon its payment.
The judgment will be affirmed, with costs.